## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **ELIZABETH FISHMAN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**ICF CONSULTING GROUP, INC.**, a Delaware corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

### CLASS ACTION COMPLAINT

Plaintiff Elizabeth Fishman ("Fishman" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant ICF Consulting Group, Inc. ("ICF" or "Defendant") to stop ICF from violating the Telephone Consumer Protection Act by sending unsolicited, autodialed text messages to consumers, and to otherwise obtain injunctive and monetary relief for all persons injured by ICF's conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### INTRODUCTION

1. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3). 20. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day,. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

2. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

3. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

4. According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 alone, at a rate of 168.8 million per day. www.robocallindex.com (last 6:19-cv-02008-BHH Date Filed 07/18/19 Entry Number 1 Page 4 of 10 5 visited April 9, 2019). YouMail estimates that in 2019 robocall totals will exceed 60 billion. See id.

5. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

### ICF

6. ICF conducts surveys with consumers on behalf of clients that are in various industries, including the healthcare industry.[1]

7. The parent company of ICF is ICF International, Inc.[2]

8. ICF conducts surveys by phone, in-person and online.[3]

9. Part of ICF's marketing plan includes sending text messages *en masse* to consumers regarding survey opportunities.[4]

10. Such text messages are sent using an autodialer without the necessary consent.

---

[1] https://www.icf.com/work/health/public-health/survey-research
[2] https://www.sec.gov/Archives/edgar/data/1362004/000156459019004641/icfi-ex210_8.htm
[3] https://www.icf.com/work/research-evaluation/survey
[4] *Id.*

11. Plaintiff received an autodialed text message to her cellular phone from Defendant regarding a health survey, with incentives to sign-up for additional surveys in the future.

12. In response to this text message, Plaintiff files this class action lawsuit seeking injunctive relief, requiring ICF to cease sending unsolicited, autodialed text messages to consumers' cellular telephone numbers, as well as an award of statutory damages to the members of the Class.

## PARTIES

13. Plaintiff Fishman is a Gardiner, Maine resident.

14. Defendant ICF is a Delaware corporation with its head office located in Fairfax, Virginia. ICF does business throughout this District and the United States.

## JURISDICTION AND VENUE

15. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

16. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, and because the wrongful conduct giving rise to this case was directed from this District.

## COMMON ALLEGATIONS

### ICF Contacts Consumers Without Consent

17. ICF conducts surveys with consumers that are based throughout the U.S., on behalf of hundreds of companies.

18. The problem with ICF's surveys is that they do not obtain prior consent from the consumers before sending out unsolicited autodialed text messages.

19. ICF agents have complained online about the difficulties they have faced placing calls to upset consumers that never consented to receive survey calls:

**Little to no career advancement**
Quality Assurance Assistant (Former Employee) – Plattsburgh, NY – March 26, 2019

Much hard work with little pay off. <u>Not treated well by people calls were made to.</u> Uncleanly work environment. Poor moral. Almost impossible to get a full time position. [5]

**Soul crushing**
Calling Agent (Former Employee) – Seattle, WA – September 17, 2018

<u>There systems all auto dial the calls,</u> though it displays this private information to the call rep. Each agent is expected to compete for the most completed surveys never mind that this is luck of the draw.

✓ Pros
  Free tea

✗ Cons
  <u>Non of the cutomer's like you, you WILL be cused out over the phones</u>, manegment keeps quotes [6]

**great work enviornment**
Operations Center Agent (Former Employee) – Seattle, WA – November 8, 2017

worked with a diverse set of people dealt with <u>a lot of tough customers</u> but most of the time was an easy job because of the people around you willing to help [7]

20. The problem with ICF's practice of calling consumers without consent lies in the fact that ICF is calling and texting consumers using an autodialer.

**ICF Contacts Consumers Using An Autodialer**

---

[5] https://www.indeed.com/cmp/Icf/reviews?fcountry=US&floc=Seattle%2C+WA
[6] *Id.*
[7] *Id.*

21. On March 19, 2019 it was announced that Voxco was selected by ICF for its survey operations.



**Voxco announces that it was selected as the survey software provider of choice by ICF**, a global consulting and digital services provider.

The Voxco survey system is being used by ICF's U.S. and E.U. survey operations.

Among its consulting services, ICF conducts large scale phone and web survey programs for government agencies, non-profit organizations and corporations.

Voxco was chosen after an extensive evaluation of survey system providers by ICF's Senior Survey Operations group. Dan Bertuna, Vice President of Survey Operations at ICF, says about the selection of Voxco: "As a leading global consulting firm, it is imperative that we use survey technology that meets high productivity standards and lets us run diverse and large-scale projects for our clients, while allowing us to continue to deliver top quality to our clients – all of which we now have in Voxco."

Vince Auger, VP Sales at Voxco, commented [8]

22. Voxco offers a number of different features to its clients like ICF, including the use of the Voxco dialer.

**Survey Solutions**
Voxco **Multi-Mode**
Voxco **Online**
Voxco **Mobile Offline**
Voxco **CATI**
Voxco **Dialer**
Voxco **IVR**
Voxco **Panel Manager**
Voxco **Analytics**
Professional **Services** [9]

23. The Voxco Dialer includes the ability for ICF to engage in predictive autodialing:

---

[8] https://www.voxco.com/blog/voxco-icf/
[9] *Id.*

5

> **Drive calling productivity**
>
> Voxco Dialer works dynamically with the rhythm of your call center to improve productivity by as much as 50%. Predictive dialing continually adjusts the pacing of calls to automatically match forecasted interviewer availability. Often resulting in up to 50 minutes of interviewer conversation per hour.
>
> More details on dialer productivity ›   [10]

24.     Voxco also includes the ability to send out text messages inviting consumers to fill out online surveys:

> **? What is Voxco Online?**
>
> Voxco Online is a cloud-based online survey software used by professionals and researchers from the academe, government agencies, market research firms; and other organizations, industries, and businesses. Described as a flexible and feature-rich online survey creation and distribution platform, Voxco Online enables users to create any type of web surveys and customize them using its questionnaire design toolbox. This allows them to add video and audio files and images to their surveys. Users will also be able to invite respondents through social media (Facebook and Twitter), email, and SMS text to answer and complete their surveys.   [11]

25.     Voxco text messages can be sent out through automated means and to large groups of consumers at the same time:

> Voxco Online offers another functionality that allows users to automatically send reminders to the people they invited to answer their surveys. These reminders can be sent through email or text message, and users can schedule when they will be sent out. Furthermore, they can track if the people whom they sent out their email or text reminders to are responding or not. This is known as response rate.   [12]

---

[10] https://www.voxco.com/survey-solutions/voxco-dialer/
[11] https://reviews.financesonline.com/p/voxco-online/
[12] *Id.*



[13]

26. In sending the text messages at issue, Defendant ICF, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone numbers to be called, using a random or sequential number generator, and/or to call numbers from pre-loaded lists. This is evident from the circumstances surrounding the text messages, including the text messages' commercial and generic content, and that they were sent without consent, which is consistent with the use of an automatic telephone dialing system to send text messages.

27. In order to send text messages using an autodialer, ICF must have the necessary consent from the consumer.

28. Unfortunately, such text messages are being sent without any consent at all.

---

[13] https://www.voxco.com/survey-solutions/voxco-online/

7

29. There are numerous complaints posted online regarding unwanted autodialed calls and text messages that consumers have received from ICF, despite having never provided ICF with consent:

- "Just received a text message today "ICF invites you to earn $10 at Amazon by completing a 15-minute confidential survey on an important health issue. You can earn up to $55 for completing future surveys. Here is your link to begin: -link-." The link they included went to a site called "healthycommunitys.com," whose domain is apparently only a week or so old. Definitely blocking. Another number they've used for this scam is 984-203-6626 based on what I've checked."[14]
- "Text message received on my cell phone from this hacker:
'ICF invites you to earn $10 at Amazon by taking a 15-minute confidential survey about an important health topic. You can earn up to $55 for completing more surveys. Can we send you the web link to begin?'
I will block as the link will surely be to a hacker website that will harm my cell phone."[15]
- "I received this exact message today. I'm blocking it also. Must be a new phishing scam. Sender's number is 984-203-6483."[16]
- "ICF invites you to earn $10 at Amazon by completing a 15-minute confidential survey on an important health issue. You can earn up to $55 for completing future surveys. Here is your link to begin:
https://www.healthycommunitys.com/SE/1/HealthSurvey4?p"[17]
- "ICF invites you to earn $10 at Amazon by completing a 15-minute confidential survey on an important health issue. You can earn up to $55 for completing future surveys. Here is your link to begin:
https://www.healthycommunitys.com/SE/1/HealthSurvey4?p=76930309E This is where the link goes according to the preview screen. Can't find any info about ICF etc. Looks like a scam."[18]
- "Received a call stating they were calling from the CT state dept of health. After informing them I was on the DNC list *they informed they had reached my number through a process of Random Digital Dialing. Which is something about how there diaper is set up with the area code and prefix automatically then the dialed proceeds to dial the last 4 digits at random* (I guess to avoid any form of discrimination based on income, martial status, or race)."[19] (emphasis added)
- "Keeps calling my cell number"[20]

---

[14] https://800notes.com/Phone.aspx/1-901-295-4304
[15] https://800notes.com/Phone.aspx/1-984-203-6626
[16] *Id.*
[17] https://findwhocallsyou.com/9842144443?CallerInfo
[18] *Id.*
[19] https://800notes.com/Phone.aspx/1-802-264-3580/5
[20] *Id.*

8

**Plaintiff Received an Unsolicited Autodialed Text Message to
Her Cell Phone**

30. On September 18, 2019 at 10:29 AM, Plaintiff Fishman received an autodialed text message on her cell phone from Defendant using phone number 984-214-4572:



31. ICF identifies its company name at the beginning of the text message and directs Plaintiff to visit a https://www.healthcommunitys.com page.

32. Healthycommunitys.com is registered to ICF Consulting Group Inc:



21

33.     Plaintiff Fishman believes the text was sent using an autodialer due to its generic content, because similar, if not identical texts were sent to other consumers and because ICF is open about its use of the Voxco dialer.

34.     The unauthorized text message that was sent by ICF, as alleged herein, harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Fishman's use and enjoyment of her cellular phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

35.     The text message also caused mental duress, as Plaintiff Fishman was frustrated by the text message and concerned, as she knows that she did not register to do surveys on behalf of ICF.

36.     Seeking redress for these injuries, Fishman, on behalf of herself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones.

---

[21] https://domainbigdata.com/healthycommunitys.com

10

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claim

37.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) text messaged, (2) on the person's cellular telephone number, (3) using the same text messaging platform Defendant used to text message Plaintiff, (4) for whom Defendant claims (a) it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to text message Plaintiff, or (b) it did not obtain prior express consent.

38.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

39.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

40.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) whether Defendant used an automatic telephone dialing system to send text messages to Plaintiff and the members of the Autodialed No Consent Class;

    (b) whether Defendant sent the text messages to Plaintiff and the members of the Autodialed No Consent Class without the necessary consent;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

41. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

42. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief

from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Autodialed No Consent Class)

43. Plaintiff repeats and realleges paragraphs 1 through 42 of this Complaint and incorporates them by reference.

44. Defendant and/or its agents sent unwanted text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

45. These text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such text messages.

46. Defendant's conduct was negligent, wilful, or knowing.

47. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to between $500 and $1,500 for each and every text message.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Fishman, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above, and appointing Plaintiff as the representative of the Class and her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Fishman requests a jury trial.

          Respectfully Submitted,

**ELIZABETH FISHMAN**, individually and on behalf of those similarly situated individuals

Dated: February 27, 2020

By: /s/ *William Robinson*
William Robinson, Esq. VSB 76098
1934 Old Gallows Road, Suite 350K
Vienna, VA 22181
Telephone: (703) 789-4800
william@robinsonlaw.com

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

**Pro Hac Vice motion forthcoming*